## UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

| | | |
|---|---|---|
| CARMAX AUTO SUPERSTORES, INC., AND CARMAX BUSINESS SERVICES, LLC. | ) ) ) | |
| | ) | Civil Action No. 2:12-3199-CWH |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) ) | |
| AUTOMAXX OF SUMMERVILLE, LLC, JD E-Z AUTO SALES, LLC D/B/A AUTOMAXX OF SUMMERVILLE, and JOHN C. DANGERFIELD A/K/A, JOHNNY DANGERFIELD, | ) ) ) ) ) | **CONSENT ORDER FOR PERMANENT INJUNCTION AND JUDGMENT** |
| | ) ) | |
| Defendants. | ) ) | |

This matter came before the Court on consent of Plaintiffs CarMax Auto Superstores, Inc. and CarMax Business Services, LLC (collectively, the "Plaintiffs") and Defendants AutoMaxx of Summerville, LLC, JD E-Z Auto Sales, LLC d/b/a AutoMaxx of Summerville, and John C. Dangerfield a/k/a Johnny Dangerfield (collectively, "Defendants"). Plaintiffs and Defendants (together, the "Parties") have agreed to resolve this action without a trial on the merits or any further judicial proceedings by, among other things, entry of this Consent Order for Permanent Injunction (the "Consent Order"). Therefore, based upon the pleadings in the case and consent of the Parties as indicated below, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

      1.     This Court has jurisdiction over the subject matter of and the parties to this action under 28 U.S.C. § 1338(a) and 1338(b), 28 U.S.C. § 1331, 15 U.S.C. § 1121, 28 U.S.C. § 1367, and S.C. Code § 36-2-803.

2.    The Parties agree that this Court has proper jurisdiction over the subject matter and parties in this litigation. The Parties further agree that this Court shall retain jurisdiction for the purpose of implementing and enforcing this Consent Order.

3.    The Parties enter into this Consent Order voluntarily after consulting with counsel and waive any rights to appeal from it.

4.    Plaintiffs, including their affiliates and subsidiaries, are the nation's leading specialty retailer of used cars, operating over 100 superstores in 50 markets throughout the United States that offer the sale of new and used vehicles, repair and maintenance services pertaining to vehicles, extended service plans relating to vehicles, and other vehicle-related goods and services. Plaintiffs operate three superstores in South Carolina, one of which is in this District.

5.    Defendants conduct services related to the sale of vehicles under the name "Automaxx" some of which are virtually identical to certain of the goods and services Plaintiffs offer and sell under the CARMAX mark. Specifically, Defendants use the marks shown in Exhibit 1 (referred to herein as the "AUTOMAXX Disputed Marks") in connection with goods and services related to the sale, financing, service and repair of pre-owned vehicles and other, related goods and services (referred to herein as the "Automaxx Goods and Services").

6.    Plaintiffs filed the First Amended Complaint in this Court seeking injunctive relief and damages against Defendants for: (i) infringement of federally registered trademarks in violation of § 32 of the Federal Trademark Act of 1946, also known as the Lanham Act, codified at 15 U.S.C. § 1114, *et seq*.; (ii) false designation of origin and unfair competition in violation of § 43(a) of the Lanham Act, codified as 15 U.S.C. § 1125(a), *et seq*.; (iii) trademark infringement in violation of South Carolina common law; (iv) unfair competition in violation of South Carolina common law; (v) unfair trade practices under South Carolina common law and South

Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20, *et seq.*; (vi) piercing the corporate veil; and (vii) common law imposition of a constructive trust.

7.    Defendants acknowledge that Plaintiffs own more than 25 federally registered marks, which contain the term "CARMAX", including, without limitation, the mark CARMAX as reflected in U.S. Reg. No. 1,941,353; the mark CARMAX (design) as reflected in U.S. Reg. No. 1,954,468; the mark CARMAX THE AUTO SUPERSTORE as reflected in U.S. Reg. No. 1,934,822; the mark CARMAX THE AUTO SUPERSTORE (design) as reflected in U.S. Reg. Nos. 1,929,336 and 2,000,241; and the mark CARMAX THE AUTO SUPERSTORE (blue and yellow design) as reflected in U.S. Reg. Nos. 1,959,875 and 1,963,876; and trademark applications which contain the term "CARMAX", including without limitation, the mark CARMAX (blue and yellow design) as reflected in U.S. Serial Nos. 86/137,599, 86/137,586 and 86/137,569 (these registrations, applications and the related common law rights are referred to herein collectively as the "CARMAX Marks"), which are used by Plaintiffs in connection with their business, which focuses on goods and services related to the purchase, sale and lease of new and pre-owned automobiles and trucks, including, without limitation, retail outlets featuring automobiles and trucks; repair and maintenance of automobiles and trucks; extended service plans relating to cars and trucks; financing of cars and trucks; and providing information about vehicles for sale by means of a global communications network, namely, providing information about vehicle specifications, selection, availability, pricing, vehicle comparisons and providing photographs of vehicles, and other goods and services related to automobiles and trucks (referred to herein collectively as the "CarMax Goods and Services"). Defendants further acknowledge that Plaintiffs have a valid and enforceable interest in the CARMAX Marks.

8.    As such, in an effort to settle the Lawsuit without further delay or expense, Defendants agree to and are hereby permanently enjoined as follows:

2:12-cv-03199-CWH    Date Filed 04/08/14    Entry Number 55    Page 4 of 13

(a)    Within ninety (90) days of the entry of this Consent Order, Defendants must cease and desist from any and all use of any trade name, trademark, service mark, trade dress, tagline, slogan or any other indicator of source (referred to herein collectively as a "Trademark") that is confusingly similar to any of the CARMAX Marks, or any other Trademark owned by Plaintiffs, such confusingly similar marks including, without limitation, the AUTOMAXX Disputed Marks, and Automaxx agrees to not use, and will not use, any such confusingly similar marks in the future, including, but not limited to, being permanently enjoined from using:

(1)    Any of the Disputed AUTOMAXX Marks shown in Exhibit 1 as a Trademark in connection with any of the Automaxx Goods and Services or in connection with any of the CarMax Goods and Services;

(2)    The combination of design elements shown in the mark reflected in U.S. Serial Nos. 86/137,599, 86/137,586 and 86/137,569 (and shown in Exhibit 2), which consists of word CARMAX written in a blue box, with the CAR portion of CARMAX written in yellow and the MAX portion of CARMAX written in white, with a yellow line underscoring the MAX portion of the word (referred to herein as the "CARMAX Blue and Yellow Design Mark"), or any mark confusingly similar thereto, in any Trademark used in connection with any of the Automaxx Goods and Services or in connection with any of the CarMax Goods and Services; or

(3)    Any retail décor and/or employee uniform or dress style confusingly similar to those used by CarMax, in connection with any of the Automaxx Goods and Services, or in connection with any of the CarMax Goods and Services. This Order does not preclude the continued use by Automaxx of blue panels on the building located at 1016 North Main Street, Summerville, South Carolina (referred to herein as the "Current Automaxx

Location"), or of any blue carpet and blue furniture which were part of the retail décor at the Current Carmax Location remaining from prior tenants of the Current Automaxx Location when Automaxx first moved to the Current Automaxx Location.

(b)     Defendants agree to and are ordered to destroy any and all existing signage, marketing and promotional material, retail décor, and employee uniforms or dress, or other materials that include any Trademark or combination of design elements described in Paragraph 8(a)(1)-8(a)(3), above no later than ninety (90) days from entry of this Consent Order.

(c)     Defendants are permanently enjoined from using in the future any signage, marketing and promotional materials, retail décor, or employee uniform or style of dress that includes any Trademark described in Paragraph 8(a)(1)-8(a)(3), above.

(d)     Defendants agree to and are ordered to remove, take down and cease and desist from using, publishing, airing or otherwise circulating any existing marketing or promotion, whether using traditional media (e.g., television or print) or any other platform (e.g., social media, including, without limitation, Facebook or Twitter), that includes any of the AUTOMAXX Disputed Marks or any Trademark confusingly similar to any of the CARMAX Marks, no later than ninety (90) days of the entry of this Consent Order. Defendants are permanently enjoined from using, publishing, airing or otherwise circulating in the future any marketing or promotion, whether using traditional media (e.g., television or print) or any other platform (e.g., social media, including, without limitation, Facebook or Twitter), that includes any of the AUTOMAXX Disputed Marks or any Trademark confusingly similar to any of the CARMAX Marks.

(e)     Defendants agree to and will specifically instruct and train all their employees to always say, write and otherwise use the phrase "of Summerville" immediately after using the term "Automaxx" any time the term "Automaxx" is used or, in the event that

Automaxx no longer operates a business at the Current Automaxx Location, to always say, write and otherwise use specific words that accurately describe Automaxx's new location, (e.g., "OF MONCKS CORNER" if Automaxx moves its retail store to Moncks Corner), (referred to herein as the "Geographic Descriptor") immediately after using the term "Automaxx" any time the term "Automaxx" is used.

(f)    To the extent that Defendants continue to use the term "AUTOMAXX" in connection with any of the Automaxx Goods and Services or in connection with any of the CarMax Goods and Services, Defendants agree to and are ordered to use the term "AUTOMAXX" only as follows:

(1)    Always spelled with two x's;

(2)    Always in combination with the words "OF SUMMERVILLE" or, in the event that Automaxx no longer operates a business at the Current Automaxx Location, always in combination with the Geographic Descriptor, in a size that makes those words easily seen or noticed, and in a size relative to that of the "AUTOMAXX" portion of the mark that is substantially consistent with the relative sizes of "AUTOMAXX" and "OF SUMMERVILLE" reflected in Exhibit 3, and always directly contiguous to (i.e., in written format, adjacent, next to, or directly under; and, when spoken, said directly following) the term "AUTOMAXX";

(3)    Always with each letter in "AUTOMAXX OF SUMMERVILLE" or, in the event that Automaxx no longer operates a business at the Current Automaxx Location, always with each letter of AUTOMAX and the Geographic Descriptor, appearing in the same capitalization, style, font and, when used as part of a design mark, only in the color scheme and design reflected in Exhibit 3 (referred to herein as the "Approved Automaxx Design Marks").

(4)    Always with the words "OF SUMMERVILLE" or, in the event that Automaxx no longer operates a business at the Current Automaxx Location, the words of the

Geographic Descriptor, in a size that makes those words easily seen or noticed, and in a size relative to that of the "AUTOMAXX" portion of the mark that is substantially consistent with the relative sizes of "AUTOMAXX" and "OF SUMMERVILLE" reflected in the Approved Automaxx Design Marks shown in Exhibit 3;

        (5)    Always surrounded by a border; and

        (6)    Only in a design that is substantially identical to one of the Approved Automaxx Design Marks shown in Exhibit 3.

        (g)    Defendants are permanently enjoined from using the term "AUTOMAXX" in connection with any of the Automaxx Goods and Services or in connection with any of the CarMax Goods and Services in any manner other than as listed in Paragraphs 8(f)(1) – 8(f)(6).

        (h)    Defendants are permanently enjoined from using the term "AUTOMAXX" in connection with any of the Automaxx Goods and Services or in connection with any of the CarMax Goods and Services as follows:

        (1)    In Blue and/or yellow, or any combination thereof; and

        (2)    With an underline under any of the words or terms.

        (i)    Defendants are permanently enjoined from falsely or misleadingly representing themselves or any of them, and/or their activities, goods or services as being sponsored by, approved by, or affiliated with Plaintiffs or any of them.

        (j)    Defendants are permanently enjoined from falsely or misleadingly representing any product or service of any Defendants or any entity affiliated with any of them, as originating from any Plaintiff.

        (k)    Defendants are permanently enjoined from committing any other acts or making any other representations, express or implied, that would infringe any of the CARMAX

Marks, or that are likely to confuse, mislead, or deceive consumers as to Defendants' sponsorship by, approval by, or affiliation with, Plaintiffs.

(l)    Defendants are permanently enjoined from inducing, assisting, abetting, or acting in concert or participation with any other person or business entity from engaging in or performing any of the activities referred to in Paragraphs 8(a), 8(c) and 8(g) through 8(k), above.

9.    By no later than ninety-five (95) days from the entry of this Consent Order, Defendants are required to file with the Court and serve upon Plaintiffs a sworn report in writing and executed under oath setting forth in detail the manner and form in which Defendants have complied with the terms of Consent Order (referred to herein as the "Filing"), including, but not limited to, an affirmation that Defendants (a) have stopped all use of the AUTOMAXX Disputed Marks and (b) have no remaining inventory marked with any of the AUTOMAXX Disputed Marks or that any materials marked with any of the AUTOMAXX Disputed Marks have been removed, taken down and/or destroyed as more fully set forth in Paragraphs 8(a) through (d), and 8(g) through 8(l), above.

10.    Any violation of the terms of this Consent Order shall constitute contempt of court and, upon proper showing, is subject to punishment by the Court's civil and criminal powers, including awarding costs and reasonable attorneys' fees incurred in enforcing the requirements of this Consent Order.

11.    No bond or posting of security is required of the Parties in connection with the entry of this Consent Order.

12.    Actual notice of this Consent Order to Defendants is constructive notice to their agents, officers, directors, servants, and employees, who are also hereby permanently enjoined from taking any actions inconsistent with the provisions of this Consent Order.

13.     If any motion, legal action or other proceeding is brought to enforce any provision of this Consent Order, the prevailing party shall be entitled to recover its reasonable attorneys' fees and other direct costs incurred in such action or proceeding, in addition to any other relief to which such party may be entitled.

14.     This Consent Order fully and finally resolves all claims arising out of the matters raised in the First Amended Complaint, and this action is hereby dismissed with prejudice, although such dismissal does not relieve the Parties of their obligations hereunder and in the Parties' Settlement Agreement nor does it preclude this Court from enforcing this Consent Order through contempt proceedings or otherwise.

**AND IT IS SO ORDERED.**

April ___, 2014
Charleston, South Carolina

C. WESTON HOUCK[1]
**UNITED STATES DISTRICT JUDGE**

---

[1] This Order is signed by David C. Norton at the specific request of C. Weston Houck.

**WE CONSENT:**

**FOR THE DEFENDANTS:**

/s/ H. Clayton Walker, Jr.
H. Clayton Walker, Jr.
FED ID No. 4489
WALKER REIBOLD
Post Office Box 61140
Columbia, SC 29260
Email: cwalker@walkerreibold.net
Phone: 803-454-0955
*Attorney for Defendants*

**FOR THE PLAINTIFFS:**

/s/Jenna K. McGee
Jenna K. McGee
FED ID No. 10378
Christopher M. Thomas (NC Bar No. 31834)
Admitted Pro Hac Vice
PARKER POE ADAMS & BERNSTEIN LLP
200 Meeting Street, Suite 301
Charleston, SC 29401
Phone: 843-727-2650
Fax: 843-727-2680
Email: jennamcgee@parkerpoe.com
Email: christhomas@parkerpoe.com
*Attorneys for Plaintiffs*

## Exhibit 1
### (the "AUTOMAXX Disputed Marks")





**Exhibit 2**
(the "CARMAX Blue and Yellow Design Mark")



**Exhibit 3**
(the "Approved Automaxx Design Marks")



